THOMAS UPHAM, trustee, *vs.* HARRIET M. EMERSON & another.

Suffolk. Nov. 16, 1875. — Feb. 29, 1876. COLT & LORD, JJ., absent.

A testator left property in trust to pay one third the income to his widow for life, and the other two thirds to his daughters, and in case of the death of either daughter, her share was to be paid to her heirs. The widow waived the provisions of the will, under the St. of 1861, c. 164. *Held,* on the death of a daughter, that the widow, although an heir of the daughter, could take no beneficial interest, as such heir, under the will.

A testator devised all his estate, real and personal, to a trustee in trust to pay of the net income thereof one third to the wife of the testator during her life; and the remaining two thirds, and, after the death of the wife, the whole of said net income, to his daughters A., B. and C., during their lives, and, after the death of one or more of them, to pay over the proportion of said net income, to which said deceased would have been entitled if living, to the legal heirs of such deceased; and, upon the death of the wife and all the daughters, to convey all the said real and personal property in fee to the legal heirs of the daughters, in equal proportions, by right of representation. The testator left a widow, two daughters by a former wife, one of whom was the daughter A. named in the will, and one daughter by his then wife, who was the daughter C. named in the will. After the death of the testator, and in the same year, A. died without issue, and C. afterwards died without issue. The wife of the testator seasonably waived the provisions of the will in her favor, under the St. of 1861, c. 164. *Held,* that after the widow had received the personal estate to which she was entitled, and one third of the income of the real estate as dowress, the remaining two thirds of the income of the real estate, and the whole income of the remaining personal estate, were to be

divided, upon the death of A., between the surviving sisters equally, and that upon the death of C. the sister still surviving should receive three fourths of the whole income, the remaining one fourth to be added to the income afterwards to oe distributed.

BILL IN EQUITY by the executor of, and trustee under, the will of William P. Emerson, against Harriet M. Emerson, the widow of the testator, and Helen W. Beseler, his daughter, to obtain the instructions of the court. The case was reserved by *Devens*, J., for the consideration of the full court, upon the bill and an- swers. The facts of the case appear in the opinion.

*O. Stevens & H. Stevens*, for the widow.

*S. B. Allen & J. D. Long*, for the daughter.

DEVENS, J. William P. Emerson died April 19, 1871, leav- ing a widow, Harriet M. Emerson, two daughters, Helen W. Beseler, wife of William Beseler, and Adelaide A. Emerson, children by a former wife, and Emily U., daughter by said widow, and no other issue. By the will, all the estate, real and personal, was devised and bequeathed to the trustee in trust to pay of the net income thereof one third to the wife of the tes- tator, Harriet M. Emerson, during her life, and the remaining two thirds, and, after the death of the widow, the whole of said net income, to the daughters Helen, Adelaide and Emily, in equal shares, during their lives, and, " after the death of one or more of them, to pay over the proportion of said net income, to which such deceased would have been entitled if living, to the legal heirs of such deceased ; and, upon the death of my wife and all .of my said daughters, to convey assign and transfer all my said real and personal property to the legal heirs of my said daugh- ters, in equal proportions, by right of representation, to have and to hold to them, their heirs and assigns, forever."

After the death of the testator, and in the same year, Adelaide died without issue, and Emily died without issue in April, 1875. The widow in due season waived the provisions of the will in her favor. By this waiver, the rights of the widow in the estate of her deceased husband, both real and personal, were the same as those which she would have had if he had died intestate, St. 1861, *c.* 164, subject to the limitations imposed by that statute, which in no way affect the present inquiry. Such a waiver must be treated as depriving her of any beneficial interest under and by virtue of the provisions of the will.

Since the death of Adelaide, she not being a child of the widow, the share of income to which she would have been entitled if living has been divided between her surviving sisters. Gen. Sts. *c.* 91, § 5. To this, neither the widow nor surviving sister objects, and it was undoubtedly correct. It is now contended, on behalf of the widow, that the proportion of the income to which Emily would have been entitled if living, and which she has received since the death of her sister of the half blood, Adelaide, should be hereafter divided between herself and the surviving sister, while the latter claims the whole of such income.

The provision of the will as to the payment of the income must be construed as directing the income of each share to be paid, at the decease of each daughter, to those who should be at that time her legal heirs, and who are then to be ascertained. The widow, in reference to her daughter, is properly included within the term " heirs." Gen. Sts. *c.* 91, § 1. But if she is to take at all, it must be as a purchaser under the will. She can take nothing in this income by descent from her daughter ; that daughter's estate terminated with her life, and there was nothing to be inherited by any one. The widow is one of a class of persons who are to take as independent objects of the testator's gift, and the term used indicates those who, upon the occurrence of the contingency of the decease of the daughter, are to take the income as such. *Clarke* v. *Cordis*, 4 Allen, 466. *Loring* v. *Thorndike*, 5 Allen, 257.

If the widow had been expressly named as one of those who might be entitled to take, as if the will had provided that in case of the death of either sister without issue, the share of income directed to be paid to her should be thereafter paid to her mother and surviving sister, in equal parts, it would hardly be contended that the mother must not take, if at all, by force of the will ; and yet, while the language might then be more direct and explicit, he same idea is expressed here with entire clearness. It is not necessary to hold that the widow, by renouncing the provisions in her favor, is to be held to have renounced the benefits which she might receive by reason of her relation to some devisee or legatee under the will ; so that if there had been an absolute devise or legacy to her daughter, she would be prevented by her waiver

from receiving what she would otherwise be entitled to as heir No such case is here presented, but her waiver must be deemed to deprive her of her right to take as one of a class who are to take by virtue of the will, and who have been described simply by the relation in which they stand to her daughter. She therefore is not entitled to half of the income to which Emily was entitled.

In regard to the claim of Helen W. Beseler to the whole of the income, to recur to the illustration used above, it must be treated as if she and her mother had been named as those who were to take the income of the share of Emily in case of her decease ; and thus considering it, her claim to more than one half the income of Emily's share cannot be supported. If the widow were not living, this would pass to her, as she would then constitute the whole class who were entitled to take ; but as one of the class is living, and entirely able to take, except for the reason that she has waived the provision entitling her to do so, that waiver cannot be interpreted as being for the benefit of the other. Where a devise or bequest is made to a number of persons as tenants in common, if one of them dies in the testator's lifetime, his share does not pass, because, having given to each a certain proportion of his property, it would not be consistent with the testator's declared intention to give to the survivors a larger proportion ; and where there is a bequest to more persons than one, by words showing that their enjoyment of the same is to be several and not joint, the share of one who dies before the testator does not pass, but remains as undevised estate. *Lombard* v. *Boyden,* 5 Allen, 249. The same principle is applicable here, and that is that, having received all to which she was entitled in the contingency that has occurred under the will, Helen is not to receive more because the bequest to another has failed. What was thus bequeathed must pass into and be added to the remainder, which is to be distributed at the decease of the widow and daughters. In the case of a lapsed legacy, it is the remainder of the estate which is to receive the benefit of it, there being no person capable of taking it; so here, neither the widow nor the daughter Helen being entitled to take the share of income appropriated to the widow, — the one, because she has waived the provisions of the will ; the other, because the contingency when she can do

so has not arrived, — it must be added to that which is hereafter to be distributed.

It is not important to discuss whether the effect of the waiver by the widow has operated to increase or diminish the share of income to which Helen would otherwise be entitled. The testator must have been aware that it was in the power of his widow, by waiving the provisions of the will, to receive the portion of the estate to which she would have been entitled if he had died intestate, and must be deemed in what he did to have contemplated it.

Applying the rules we have indicated to the case before us, after the widow had received the personal estate to which she was entitled, she would as dowress continue entitled to one third of the income of the real estate. Two thirds of the income of the real estate and the whole income of the remaining personal property would constitute the income to be divided between the daughters. Until the death of Adelaide, this should have been divided into three parts, and each sister should have received one third of the whole. Upon the death of Adelaide, each surviving sister should have received one third and one half of the third which Adelaide would have received if living, or, differently expressed, one half of the whole income. Upon the death of Emily, the surviving sister, Helen, is to receive one half of the whole income and one half of that which Emily would have received if living, that is to say, three fourths of the whole income, while the remaining fourth of the income is to be added to the remainder, which is to be distributed hereafter.

*Decree accordingly.*