New York County.—HON. D. C. CALVIN, Surrogate.— April, 1879.

## Meeker *v.* Meeker.

*In the matter of the estate of* Charlotte C. Meeker, *deceased.*

The testatrix divided her estate equally among her nephews and nieces, and grand-nephews and grand-nieces. Among those named were John Meeker, who died before the execution of the will, and his only child, Charles A. Meeker. The will further provided that in the event of the death of any one of the legatees before the testatrix, leaving issue, the legacy should not lapse, but such issue should take the share to which the deceased parent was entitled. Charles A. Meeker claimed both his own and his father's share.—*Held*, that the father, being dead at the execution of the will, was entitled to no share. and as the son could only take the share to which his father was entitled, his claim to a double share must be disallowed.

*Held, also*, that the claim of the son was, in effect, one for a cumulative legacy, and that the presumption is that legacies of the same amount are mere repetitions, and not cumulative.

*Held, also*, that the share bequeathed to the father passed as undisposed property to the heirs and next of kin of the testator.

Where several persons are named as legatees in the residue primarily, and are appointed to take in equal shares, so as to create a tenancy in common, the share of one dying before the testator will not pass to the survivors, but will go, if there is no residuary bequest, to the next of kin as property undisposed of.

Bevan *v.* Coope , 72 *N. Y.*, 317, criticised.

Application for decree upon final accounting of the executor.

The will bears date 8th March, 1877, and contains the following provision: "All my estate, real and personal, of every nature and kind, of which I shall die seized or possessed, I give, devise, and bequeath to my nephews and nieces, and grand-nephews, and grand-nieces hereinafter named, in the following proportions, viz. : To Elizabeth Baldwin, John Meeker, . . . . . Charles

A. Meeker, each one-sixteenth part thereof." After giving other legacies the will proceeds : " And in case of the death before me of any of my said legatees, leaving issue, him, her, or them surviving, then the legacy or legacies shall not lapse, but such issue shall take the share to which the deceased parent or parents were entitled, but if any of my said legatees die before me, leaving no issue them surviving, then the share of the legatee so dying shall be divided among the others in the above proportions."

The legatee, John Meeker, died before the execution of the will. Charles A. Meeker, only child of John Meeker, claimed his father's legacy in addition to his own, while the executor claimed that John Meeker's legacy lapsed by reason of his death before the execution of the will, and fell into the residuary estate.

DAVID THOMSON, *for executor.*

G. E. P. HOWARD, *for Chas. A. Meeker.*

THE SURROGATE.—A single observation before entering upon the discussion of the questions raised by the respective counsel as to the signification of a "lapsed legacy" seems to me appropriate. If I understand rightly the definition of a lapsed legacy, it is a legacy which fails by reason of the death of the legatee before the death of the testator, where no other words are found in the will to prevent such a lapse ; and it presupposes the existence of such legacy, and of a legatee. While it is true that the will speaks as of the time of the decease of the testatrix, still there appears to me to be a well-defined distinction between such a legacy, and that given to a person deceased prior to the execution of

the instrument; for the latter is no legacy, but is void, because there was at the time of the execution of the instrument no one in existence to take. But for the authorities, to which I shall have 'occasion to refer, I should have concluded that when the testatrix expressed, in the will already recited, that the legacies named in her will should not lapse in case of the death before her of any legatees, she intended to, and did refer to those legacies which otherwise would have lapsed, by reason of the death of the legatees named, subsequent to the execution of the instrument, and prior to her decease. But in Maybank v. Brooks (1 *Brown. Ch.*, 76), Comfort v. Mather (2 *Watts & Serg.*, 450), and in 2 *Redfield on Wills*, 164, the legacy given to a person deceased at the execution of the will, is denominated a lapsed legacy. The cases of Goblet v. Beechery (3 *Sim.*, 24), Sword v. Adams (3 *Yeates*, 34), and Farrar v. Ayres (5 *Pick.*, 404), seem to hold that parol evidence of the knowledge of the decedent, that a legatee was not living at the time of the execution of the will, is incompetent. These cases seem to run counter to the well-established rule, that extrinsic evidence to show the condition and circumstances of the testator, and of his family, and those in a position to expect his bounty, or named in his will, is admissible. (2 *Redf. on Wills*, 184, and cases cited in note 21.) It is quite evident to my mind, that if the testatrix knew that John Meeker was deceased at the time when she made her will, the fact must have escaped her attention. For if it was her purpose to give Charles A. Meeker two-sixteenths of her estate, she would have done so in plain and unequivocal terms, instead of resorting to the strangely ambiguous expressions used in

the instrument. Indeed, the language of the will seems to me to be entirely inconsistent with the claim of Charles A. Meeker to the legacy given to his deceased father. For, in order to entitle him to take, it must first be held that his father was entitled to the legacy, the language being: " Such issue shall take the share to which the deceased parent or parents were entitled," and it is apparent that his father being dead when the will was executed, he was entitled to nothing. In Bennett v. Merriman (6 *Beav.*, 360), it was held that in the case of a gift to a class of legatees living at a prescribed period, *e. g.*, to the children of A., living at the decease of B., with a direction, that if any of the legatees be then dead, then the issue should take the share to which the parents, if then living, would have been entitled—the issue living at a prescribed period took their parents' share, by way of *substitution;* that in the absence of a contrary intention, only those children of A. who were living at the date of the will, and who survived the testator, would constitute the class of primary legatees, and consequently the issue only of such primary legatees as were living at the date of the will, and survived the testator, could claim by *substitution.*

The demand in behalf of Charles A. Meeker, of two-sixteenths of the residuary estate, amounts, in substance, to a claim that his legacy is cumulative, for they are each of the same amount. In 2 *Redfield on Wills*, p. 178, on authority, the rule is stated to be that where legacies are of the same amount, and given by the same instrument, the presumption is that they are a mere repetition of the same gift, and will not be construed as cumulative, unless there be something in the instrument,

or the attending circumstances, proper to come in in aid of the construction showing a different intent.

The scheme of this will seems to be, to treat the testatrix's nephews and nieces named therein equally, for she bequeaths to each one-sixteenth part of her property. There appears to be no reason why a construction should be indulged to *destroy* their equality, but rather a good reason to adopt such a construction as will effect an equality. I am, therefore, of the opinion that by virtue of that clause in the will, Charles A. Meeker is only entitled to a legacy of one-sixteenth.

The next question to be considered is, what becomes of the one-sixteenth which was given to John Meeker, and which was void because of his death at the time of the execution of the will. Where several persons are named as legatees in the residue primarily, and are appointed to take equal shares, so as to create a tenancy in common, the share of one pre-deceasing the testator will not pass to the survivors, but will go to the next of kin, as property undisposed of (2 *Redf. on Wills*, 176). Where a devise or bequest is made to a number of persons as tenants in common, if one of them die in the testator's lifetime, his share does not pass, because, having given to each a certain proportion of his property, it would be inconsistent with the testator's declared intention, to give to the survivors a larger proportion. And where there is a bequest to more persons than one by words, showing that their enjoyment of the same is to be several, and not joint, the share of one who dies before the testator does not pass by the will, but remains as undisposed of. (Upham *v.* Emerson, 119 *Mass.*, 509 ; Lambord *v.* Boyden, 87 *Id.*, 249.)

In the latter case it was held that where a legacy was given to more persons than one, by any mode of expression which denoted a severance, the legatees would be tenants in common. In general, where a legacy lapses, and there is no residuary bequest, it goes to the next of kin as estate undisposed of under the will. (Armstrong v. Moran, 1 *Bradf.*, 314.)

It is clear, therefore, to my mind, that the one-sixteenth of the estate given to John Meeker is undisposed of by the will, and goes to the heirs-at-law, and next-of-kin of the testatrix.

I have given attention to the construction of the will in question, because I have been invoked to do so by the respective counsel. But whether I had any such authority, or whether the result will afford any advantage to the parties interested, will depend upon the scope of the case of Bevan v. Cooper (72 *N. Y.*, 317), the language of which would seem to deny any such authority; but as that language appears to be *obiter*, I am constrained to believe that it was not the intention of a majority of that court to arrest the final accounting in all testate cases.