In the Matter of the Probate of the Last Will and Testament of BENJAMIN F. MILLER, Deceased.

WARREN F. DARROW and Others, Appellants; MARY A. WINSHIP and Others, Respondents.

*A devise in fee cut down by a subsequent devise—what clause covers a death either before or after that of the testator — a codicil is a republication of the will — implied power of disposition.*

The execution of a codicil referring to a will amounts to a republication of such will and operates to bring the will down to the date of the codicil.

The will of Benjamin F. Miller bequeathed all of his estate, both real and personal, to his daughter Lucy and to her heirs and assigns forever, appointing his executors her guardians and giving them power during her minority to manage the estate, and to lease or sell in fee simple all his lands "upon condition, however, that in case of the death of my said daughter prior to her attaining the age of twenty-one years, or without issue her surviving, then, and in that case, I devise and bequeath the whole of the residue of my said estate, then in the hands of my said executors, to Anna Darrow, wife 'of Warren F. Darrow, and to their daughter, Edith Darrow, share and share alike, or in case of the prior death of either of them, the whole thereof to the survivor of them, to them, their heirs and assigns forever." Lucy died in extreme infancy, and before her father, who, after her death, made a codicil to his will which contained simply a direction as to the manner of his burial.

*Held,* that the estate in remainder was not cut off by the rule that "an estate in fee, created by will, cannot be cut down or limited by a subsequent clause, unless it is as clear and decisive as the language of the clause which devises the estate," as the subsequent clause of the will devising the estate to Anna and Edith Dar-

row upon the happening of certain contingencies was as clear and decisive as the clause devising the estate primarily to his daughter ;

That the intent of the testator was to have his estate pass to Anna and Edith Darrow in case the primary devise to his daughter should not take effect, and that the death contemplated by him was her death occurring either before or after his death ;

That by the use of the word "residue," in the gift over of the "residue" of the estate then in the hands of the executors to Anna and Edith Darrow, the testator did not confer any power to dispose of the principal of the estate.

APPEAL by Warren F. Darrow and others from so much of a decree of the Surrogate's Court of the county of Saratoga, entered in said Surrogate's Court on the 8th day of February, 1896, construing the last will and testament of Benjamin F. Miller, deceased, as provides that a gift over of the testator's estate to Annie Darrow and Edith Darrow is invalid and of no effect, and that the next of kin of said deceased are entitled to receive his personal estate, the same in all respects as though the testator had died intestate.

The will of Benjamin F. Miller was executed on the 30th day of November, 1892, and the material provisions thereof are as follows : "After all my lawful debts are paid, I give, devise and bequeath all of my estate, both real and personal, to my daughter, Lucy Schallehn Miller, to her and her heirs and assigns forever. Also, for the better education, support and maintenance of my said daughter, I do give and dispose of the tuition, care, custody and control of her unto my executors hereinafter named, or to the survivor of them, for such time as my said daughter shall remain unmarried, and under the age of one and twenty years. Also, I do hereby authorize, empower and direct my said executors, or the survivor of them, from and after my decease, until the aforesaid daughter, Lucy Schallehn Miller, shall marry or attain the age of one and twenty years, to manage and improve the estate and fortune of my said daughter, by me hereby given her, for her use and benefit, and to lease or bargain, sell and alien in fee simple, all my lands ; for the doing and executing whereof I do, by these presents, give to my said executors full power and authority to grant, alien, bargain, sell, convey and assure all the said lands to any person or persons, and their heirs forever, in fee simple, by all and every such lawful ways and means in the law as to my said executors shall seem fit or necessary ; and I hereby commit the guardianship of my said daughter, until she shall marry or attain

the age of one and twenty years, unto my said executors or the survivor of them.

"Upon condition, however, that in case of the death of my said daughter prior to her attaining the age of twenty-one years, or without issue her surviving, then, and in that case, I devise and bequeath the whole of the residue of my said estate, then in the hands of my said executors, to Anna Darrow, wife of Warren F. Darrow, and to their daughter, Edith Darrow, share and share alike, or in case of the prior death of either of them, the whole thereof to the survivor of them, to them, their heirs and assigns forever."

Lucy Schallehn Miller, the daughter of testator, died May 7, 1893, aged less than one year. The testator died December 4, 1895. On November 29, 1895, he executed a codicil to his will, of which the following is a copy:

"I, Benjamin F. Miller, do make and declare this, my codicil to my last will and testament, that is to say. Whereas I did on the day of make, publish and declare my last will and testament, now I do further dispose as follows, to wit: I direct that at my decease my remains be committed to the custody and control of Washington Commandery, No. 33, Knights Templar, for interment, and buried according to the rites, customs and usages of said commandery, of which I am a member. Signed, made, published and declared this twenty-ninth day of November, 1895.

"Witnesses:         BENJAMIN F. MILLER. [L. S.]

    "JOHN BENNETT,
    "J. M. COLCORD."

Upon the probate, the respondents, the only heirs at law and next of kin of the deceased, appeared and claimed that the bequests to Anna and Edith Darrow were void and of no effect, and that they, said respondents, were entitled to receive the personal estate of the said deceased. The surrogate so held, and from his decree thus construing the will in question, this appeal is taken.

*J. W. Houghton*, for the appellants.

*John L. Henning*, for Mary A. Winship, and the special guardian of Mary B. Winship, respondents.

*Charles H. Sturges*, for Flora S. Miller, respondent.

PUTNAM, J.:

The respondents rely upon the well-established doctrine that " an estate in fee, created by a will, cannot be cut down or limited by a subsequent clause, unless it is as clear and decisive as the language of the clause which devises the estate." (*Byrnes et al.* v. *Stilwell et al.*, 103 N. Y. 453 ; *Benson et al.* v. *Corbin et al.*, 145 id. 351 ; *Washbon et al.* v. *Cope et al.*, 144 id. 287 ; *Roseboom* v. *Roseboom et al.*, 81 id. 356.)

As in the will under consideration there was a devise in fee to the daughter of the testator, they insist that the subsequent clause of the will by which the testator attempted to bequeath the property to Anna and Edith Darrow, in case of the death of his daughter, before she attained the age of twenty-one years, without issue her surviving, is void for repugnancy.

We are of opinion that the principle invoked by the respondents does not apply in this case, for the reason that the clause of the will which devises the property of the testator to Anna and Edith Darrow, in case of the death of his daughter before attaining the age of twenty-one years without issue her surviving, is as clear as the clause which bequeaths the estate to her. The will first gives the estate to his daughter, and then provides as follows, viz. : " Upon condition, however, that in case of the death of my said daughter prior to her attaining the age of twenty-one years, or without issue her surviving, then and in that case I devise and bequeath the whole of the residue of my said estate then in the hands of my said executors, to Anna Darrow, wife of Warren F. Darrow, and to their daughter, Edith Darrow, share and share alike." There is no ambiguity or uncertainty about this provision. The intent of the testator is clear that in case of the death of his daughter without issue her surviving, the appellants Darrow shall take the estate. Hence there is no repugnancy in the bequest to the daughter and the devise over to Anna and Edith Darrow in case of her death under twenty-one years without issue her surviving. As said by DENIO, J., in *Norris* v. *Beyea* (13 N. Y. 273–284), " There is, in truth, no repugnancy in a general bequest or devise to one person, in language which would ordinarily convey the whole estate, and a subsequent provision that, upon a contingent event, the estate thus given should be diverted and go over to another person. The latter clause in such cases limits and controls the former, and when

they are read together it is apparent that the general terms, which ordinarily convey the whole property, are to be understood in a qualified and not an absolute sense."

Many cases might be referred to where devises of an estate in language which would ordinarily convey " the fee, with a provision that upon the death of said devisee the estate should go to another," have been held valid.

Thus, in *Avery* v. *Everett* (110 N. Y. 317) the will there passed upon devised to the testator's son, after the termination of the life estate of the testator's wife, an estate in language sufficient to carry the fee, but in case of the death of the son without children, provided that the property should go to a nephew. It was held that the son took a vested remainder in fee, subject to be defeated by his death without children, upon the happening of which event the substituted remainder would vest.

In the will passed upon in *Matter of N. Y., L. & W. R. Co.* (105 N. Y. 89) the testator devised his estate to his daughter. The language used was : " I give, devise and bequeath to my beloved daughter, Minnie Wisner, all my real and personal property of every name and nature.   *   *   * " The will provided that in case of the death of the daughter without issue the estate should go to other parties. It was held that the daughter took a base or conditional fee, defeasible by her dying without issue living at the time of her death.

In the will considered in *Vanderzee et al.* v. *Slingerland et al.* (103 N. Y. 47) the testator devised his real estate to his son, but provided that if the latter should die without issue, the estate should go to other parties. It was held that the son took a conditional fee and the other parties named a conditional interest, which, upon the death of the son without issue, was converted into a fee.

In each of the wills passed upon in the cases cited the language of the devise to the primary devisee was sufficient to pass an estate in fee, and it was necessarily determined that such a devise was not repugnant to the subsequent provision contained in said wills, that in case of the death of said primary devisee, the estate thus given should go to another person or persons.

In construing the will under consideration it cannot be doubted that the testator's intent was that his property should go to his daughter, and if she died under the age of twenty-one years with-

out issue, to the appellants Darrow. He evidently did not intend that his property should descend to his heirs and next of kin. To carry out the evident intent of the testator, the language of a will should be liberally construed, and should not "be subjected to astute criticism or a literal interpretation." Although the testator, in making the will in question, evidently had in mind the probability that his daughter would survive him, yet to effectuate his evident intention that his property should go to his daughter, and on her death, without issue surviving her, to the appellants, we think the death of his daughter, referred to in the last clause of the will in question, should be deemed to mean a death either before or after his own. In *McLean* v. *Freeman* (70 N. Y. 81) a similar clause was thus construed. (See, also, *Wager et al.* v. *Wager*, 96 N. Y. 164; *Norris* v. *Beyea*, 13 id. 273; *Downing* v. *Marshall*, 23 id. 366; *Martha May's Appeal*, 41 Penn. St. 512; *Mowatt* v. *Carow*, 7 Paige, 328.)

It is true that the language of the last clause of the will in question shows that the deceased had in his mind the probable survival of his daughter, and on a literal reading of the will it might be deemed that her death therein referred to was a death subsequent to his own. In the opinion of ALLEN, J., in *McLean* v. *Freeman* (*supra*, p. 87), it is said : "It must be conceded that, in framing the tenth clause of the will, the testator had in his mind the probable survivorship of his sons William and Alexander, and the primary object of the limitation over, upon a literal reading of the will, was to provide for their death after, by his own death, the will should have taken effect, and the trust estate vested in the trustees. The third clause of the codicil is engrafted upon, and made a part of, the tenth clause of the will, and the language of both is based upon the same calculation of the continuance of the lives of the first beneficiaries beyond that of the testator. The phraseology of the provision applies primarily and obviously to that contingency, but it is not necessarily repugnant to a more enlarged and reasonable interpretation, and as providing for a lapse or failure of the first gift *ab initio*."

The doctrine thus stated applies to this case.

No such power of disposition of the estate was given by the testator to his daughter or to his executors for her benefit as renders the bequest over void for repugnancy. The testator does not give to his daughter the absolute power to dispose of the estate; the will contains

no authority for her to bequeath it by will; it neither gives to her or to his executors, for her benefit, power to use the principal of the estate. It is true that in the bequest over to the appellants he devised the *residue* of the estate, then in the hands of his executors, to the appellants, but the use of the word residue does not, of itself, confer on the executors power to dispose of the principal of the estate.

In *McLean* v. *Freeman* (*supra*) there was a similar clause in the will there considered, and the devise over was held valid. So in *Avery* v. *Everett* (*supra*) the bequest, after the death of the primary devisee, was *of what remained*.

The result above arrived at carries out the evident intent of the testator, that his property should go to his daughter, and in case of her death before attaining the age of twenty-one years without issue surviving her, to the appellants Darrow. The execution of the codicil to the will, long after the death of his daughter, emphasizes such intent. When that codicil was executed, his daughter being dead, the only operative provision in the will, save as to the appointment of executors, was that which gave the estate to the appellants.

It is a well-settled principle that a will and codicil are to be considered together as one instrument; that a codicil duly executed referring to a will is a republication thereof, and the effect of such a republication is to bring down the will to the date of the codicil. (Rice's Am. Probate Law, 134, 135; *Van Cortlandt* v. *Kip*, 1 Hill, 590; *Brown* v. *Clark*, 77 N. Y. 369–377; *Lynch* v. *Pendergast*, 67 Barb. 501; *Howland* v. *The Union Theological Seminary*, 5 N. Y. 193, 194; *Van Alstyne* v. *Van Alstyne*, 28 id. 375.)

A republication of the will by the testator after his daughter's death, the only operative dispositive clause therein at the time being the provision in favor of the appellants, indicates his intent that his estate should go to them.

The decree, so far as appealed from, should be reversed, and a decree entered settling the rights of the parties in pursuance of this opinion, with costs to the appellants.

All concurred.

Decree, so far as appealed from, reversed, and a decree ordered settling the rights of the parties in pursuance of the opinion, with costs to the appellants.