In the Matter of the Accounting of LESTER C. GILMAN, as Executor of THEOPHILUS GILMAN, Deceased, Appellant.

MABEL R. GILMAN, as Administratrix of the Estate of RALPH F. GILMAN, Deceased, Respondent.

*Matter of Gilman*, 175 App. Div. 185, affirmed.
(Argued February 27, 1917; decided March 13, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 18, 1916, which affirmed a decree of the Kings County Surrogate's Court settling the accounts of the executor of Theophilus Gilman, deceased, and directing distribution of his estate. Testator left his son, Lester C. Gilman, his only heir and next of kin. At the time of the execution of his will he had two other sons mentioned therein, to wit, Percy B. and Ralph F., all three then unmarried. Ralph F. married Mabel Gilman, the respondent herein, on the 9th day of June, 1906, and died on June 22, 1909, leaving him surviving neither children nor mother, but only his widow and his father, the testator. Letters of administration on Ralph's estate were subsequently issued to the respondent. Percy B. Gilman also died prior to the death of Theophilus. By his will the testator left all his residuary estate, real and personal, to his executors in trust to pay out of the income thereof to one Julia A. Percival, the sum of $100 per month during life, to his son Percy $30 a month during life, and the remainder of the income to his sons, Lester C. and Ralph, until Ralph should attain the age of thirty years. When Ralph should attain that age the testator directed his executors to set aside an amount sufficient to produce the sums directed to be paid to Julia and Percy, and to divide the rest of the estate equally between Lester and Ralph. By the 5th clause of his will the testator directed "that if either of my sons, Lester C. Gilman or Ralph F. Gilman, shall die before the division

of my estate between them as directed to be made by the third and fourth paragraphs hereof, then the share or interest of the one so dying shall go to his heirs, executors and administrators absolutely and forever; and if my son Ralph shall die before attaining the age of thirty years, then said division shall take place as soon as my son Lester C. Gilman shall have reached that age." Lester C. Gilman reached the age of thirty years before the death of the testator. The surrogate held that Mabel Gilman, as administratrix of Ralph, was entitled to receive the share he would have taken if living.

*John J. Crawford* for appellant.

*David Joyce* for respondent.

Order affirmed, with costs payable out of the estate; no opinion.

Concur: HISCOCK, Ch. J., CHASE, CUDDEBACK, HOGAN, POUND, MCLAUGHLIN and ANDREWS, JJ.