Matter of the Estate of AMELIA S. BARTLET, Deceased.

(Surrogate's Court, New York County, June, 1921.)

**Wills — when legacy does not lapse.**

> Where a legacy to each of the two nieces and the nephew of testatrix is followed by a gift over upon the death of either of them to their respective heirs, the heirs of the nephew, who died three days before the will was executed, are entitled to take the legacy.

Misc.]　Surrogate's Court, New York County, June, 1921.

PROCEEDINGS upon an accounting.

John M. Rider, for petitioner.

Hill, Lockwood & Redfield, for residuary legatees.

Perkins & Train (Charles Albert Perkins, of counsel), for Mary P. Tyng, assignee of Charles S. M. Bartlet, heir of Henry P. Bartlet.

Joseph M. McCloskey, special guardian.

FOLEY, S. A question arises on this accounting as to the persons entitled to a legacy under the 6th paragraph of the will, which reads as follows: " I give and bequeath ※ ※ ※ to Mary Tyng, Henry P. Bartlet and Dorothy Bartlet, now residing in California, each the sum of eight thousand and three hundred and thirty-three and 33/100 ($8,333.33) dollars; and in the event of the death of any of the aforesaid ※ ※ ※ last mentioned persons, I direct that the share. of such deceased persons shall go to their respective heirs."

Henry P. Bartlet, a nephew of testatrix and one of the above named legatees, died in California three days before the will was executed. The residuary legatees claim that because of this fact the legacy is void and falls into the residuary estate. On the other hand. the heirs of the deceased legatee contend that they are entitled to the legacy.

The claims of the residuary legatees are overruled and the decree must provide for payment to the heirs of Henry P. Bartlet. Ordinarily when a legatee or devisee dies before the testator or before the making of the will the legacy lapses. *Matter of Tamargo,* 220 N. Y. 225; *Matter of Werlich,* 230 id. 516, 520. It has been the established law of this state since *Down-*

Surrogate's Court, New York County, June, 1921.    [Vol. 115.

*ing* v. *Marshall,* 23 N. Y. 366, 370, that the doctrine of lapse has no application to substituted gifts. In the latter case there was a bequest to the testator's son for life with remainder to his heirs in case he died leaving issue, and in case he died without leaving issue, to his nephews and nieces. The court held that there was no lapse but that the contingent limitation took effect in favor of the nephews and nieces. The opinion points out that the reason for the general rule as to lapsed legacies is based upon the ambulatory nature of a will which cannot take effect in favor of persons who die before the testator, because until then the instrument can have no effect at all. In certain cases where the bequest is to a child or other descendant of testator, or to a brother or sister, who dies leaving descendants, the legacy is saved. Decedent Estate Law, § 29. " But the principle which, at the common law occasioned, and still may occasion, the lapse of a legacy or devise, can have no application to substituted gifts. The primary gift may lapse or fail if its object dies before the will can operate at all, but this has no tendency to defeat an independent and ulterior limitation to other objects who are living at the testator's death. In such cases the question is not one of lapse, but of interpretation." *Downing* v. *Marshall, supra,* 370. See, also, *Utica Trust & Deposit Co.* v. *Thompson,* 87 Misc. Rep. 31, 51; *Matter of Miller,* 161 N. Y. 71; affg. 11 App. Div. 337; *Williams* v. *Jones,* 166 N. Y. 522, 537; *U. S. Trust Co.* v. *Hogencamp,* 191 id. 281, 285; *Matter of Gilman,* 175 App. Div. 185, 187; affd., 220 N. Y. 659.

My learned predecessor, Surrogate Fowler, in his work on the Decedent Estate Law, carefully analyzes the history of the rule of lapsed legacies, and the exceptions to it particularly where the testator expressly provides for substitution in case of the

death of the first legatee. Fowler's Dec. Est. Law, 232, 239. The English cases are similar to the decision in *Downing* v. *Marshall, supra; Hannam* v. *Sims,* 2 De G. & J. 151; *Ive* v. *King,* 16 Beav 46. Counsel for the residuary legatees rest upon the case of *Meeker* v. *Meeker,* 4 Redf. 29, decided in 1879, as authority for their contention. That decision does not appear to have been cited in any later case, and because of the peculiar nature of the will and the special rules of construction applied in the opinion by the surrogate, has no application to the facts here. The surrogate did not refer to *Downing* v. *Marshall, supra,* and to my mind the result reached by him was erroneous. There are certain cases holding that the legacy lapses where the legatee died before the date of the will, for instance, where there was a bequest to a class (*Pimel* v. *Betjemann,* 183 N. Y. 194), or to designated persons "their heirs and assigns." *Matter of Tamargo, supra; Matter of Reynolds,* 109 Misc. Rep. 453; affd., 192 App. Div. 937; *Matter of Wells,* 113 N. Y. 396, 400. The gift here was not to a class, nor of an aggregate amount, but to specified persons for a specified amount, with the express direction substituting other persons "in the event of the death" of Henry P. Bartlet. *Matter of Kimberly,* 150 N. Y. 90; *Herzog* v. *T. G. & T. Co.,* 177 id. 86, 97. The gift over to the heirs of Henry P. Bartlet was as direct and unambiguous as the original gift to him. The direction of the testatrix must be carried out.

Decreed accordingly.