In the Matter of the Estate of LENA A. JOHNSON, Deceased.

Surrogate's Court, New York County, January 18, 1929.

*Charles E. Toney*, for the executor and petitioner.

*Joseph A. Gavagan*, special guardian for infant and incompetent.

O'BRIEN, S. ,In this accounting proceeding the court is asked to construe the will of testatrix. The instrument was inartificially drawn, and apparently without the aid of a lawyer, but the intention of the testatrix was nevertheless clearly expressed. The first provision presented for construction reads: " I, Lena A. Johnson, give to my dear husband, Edward A. Johnson, the money in the United States Mortgage and Trust Co. on West 125th Street and 8th Avenue and the two houses, 204 and 19 West 132 Street. If he marries, the houses shall go to my dear daughter, Adelaide."

The husband, who has qualified as executor, contends that title to the real estate mentioned in said provision passes to him absolutely, because the conditional limitation contained in the second sentence is invalid as against public policy. Such contention is without merit. The executor cites no authorities to support his contention, nor can I find any in which such a limitation was held to be invalid. On the other hand, the courts have recognized the right of a testator to so limit a fee. In *Matter of Frankel* (N. Y. L. J. June 12, 1915) this court held that a devise of real estate to testator's widow " as long as she remains my widow " gave to her a fee, but with the condition subsequent, which operated to reduce it from an absolute fee to a determinable one. The opinion in that case states: " A fee may be limited conditionally or with a defeasance." (Citing Real Prop. Law, § 31; *Vanderzee* v. *Slingerland*, 103 N. Y. 47; *Norris* v. *Beyea*, 13 id. 273; *Matter of Miller*, 11 App. Div. 337; *Chapman* v. *Moulton*, 8 id. 64.) The surrogate thereupon determined that the widow was seized of the fee in the real property devised to her by the will, subject to defeasance upon her remarriage. The husband in the present case, we hold, takes the real property in question, subject to the limitation that if he remarries he shall become divested of any interest in the property which will thereupon pass to the daughter, Adelaide. Under this construction, if the husband dies without having remarried, the property will of course pass under his will or, in the absence of a will, to his heirs at law.

The second provision presented for construction gives the money in a certain savings bank to the daughter Adelaide " which her father, Edward A. Johnson, shall invest for her." The executor has assumed that the provision constitutes him a trustee of such fund for the benefit of his daughter, and under the circumstances disclosed this construction will be approved.

Correct decree to contain a proper recital of the above determinations and resubmit the same for signature.