In the Matter of the Estate of MARY VOSBURGH, Deceased.

Surrogate's Court, New York County, November 14, 1931.

*Abram Vosburgh*, petitioner, in person.

*Moses J. Sneudaira*, special guardian.

O'BRIEN, S. This is an application for the construction of the will of the above-named testatrix brought on pursuant to the provisions of section 145 of the Surrogate's Court Act. The testatrix by the first and only dispositive paragraph of her will disposed of her property as follows:

" *First.* After all my lawful debts are paid, I give to my husband, Abram Vosburgh, all the rest, residue and remainder of my estate, whether real or personal, absolute and forever.

" In case of Abram Vosburgh marrying again, I want it divided equally between him and my children, John C., Charles P. and Jennie M. Peters. In case of Abram Vosburgh's death, I want

it equally divided between my children; and in case of my children's death, I want it to go to their children.

" I hereby appoint my husband, Abram Vosburgh, to be the executor of this my Last Will and Testament, hereby revoking all former Wills."

The petitioner is the husband of the deceased and the executor named in her will. The testatrix was survived by her said husband, who is still living, and by two sons, a daughter and several grandchildren who are children of deceased children. The petitioner asks the court to determine the interests of the respective parties in this estate. The first sentence creates an absolute fee in the testatrix's husband, Abram Vosburgh, in the real property owned by the testatrix at the time of her death. This absolute fee is, however, by the second sentence of that paragraph, which contains a condition subsequent, reduced to a determinable or defeasible one in the event of his remarriage. A fee may be limited conditionally or with a defeasance. (Real Prop. Law, § 31; *Morris* v. *Beyea*, 13 N. Y. 273, 274; *Vanderzee* v. *Slingerland*, 103 id. 47; *Matter of Miller*, 11 App. Div. 337; *Chapman* v. *Moulton*, 8 id. 64; *Matter of Johnson*, 133 Misc. 566.) I, therefore, hold that the husband is seized of the fee in the real property devised to him by the will of the testatrix, subject to *defeasance in the event of remarriage* as follows: *First*, as to one-half thereof, which upon his remarriage shall go to her children, John C., Charles P. and Jennie M. Peters, and *second*, as to the other half, upon his death, which in the event of remarriage shall then be divided among his children or his grandchildren if any of his children be dead leaving children surviving. There is no power of sale in the will and none is necessary because the husband, who is seized of this determinable fee, may alienate the same, subject, of course, to a defeasance upon the happening of the event upon which the executory devise is limited, in this case his remarriage. (*Grout* v. *Townsend*, 2 Den. 336.) Submit decree accordingly.