In the Matter of the Estate of ELEANOR HUGHES VAUSE, Deceased.

Surrogate's Court, Kings County, April 3, 1934.

*Edward A. Hayes*, for the petitioner.

*Edward K. Ellis*, for the respondent.

WINGATE, S. Paragraph 1st of the will now before the court reads as follows:

"*1st.* I give and bequeath One Dollar to Lorne N. Vause, my husband, because he has never maintained a home for me or our child since we were married   He has failed to support me or the child since we were married and has never lived with us."

By paragraph 2d $1,000 is given to a friend, Mary Mildred

Dietz. Paragraph 3d, the provisions of which the court is now asked to construe, contains the following:

" *3rd.* I give, devise and bequeath to my son, Lorne N. Vause, Jr., now living at St. John's Home, St. Marks Avenue and Albany Avenue, Brooklyn, New York, all the rest, residue and remainder of my Estate, Real, Personal and Mixed and wheresoever situated to his use forever. In case he dies before he reaches the age of twenty-one years the balance of the estate left, after his debts are paid, including his funeral expenses is to be divided so that Mary Mildred Dietz, above mentioned, will receive Four Thousand dollars, besides the One Thousand Dollars bequeathed her in paragraph II outright, and the remainder of the Estate to be divided equally between my cousins, Mrs. Ellen Cullen, 302-14th Street, Brooklyn, New York and Matilda McDonald of 495 Prospect Avenue, Brooklyn, New York."

The instrument concludes with the appointment of Mary Mildred Dietz as executrix. The residuary estate comprises both real and personal property. Lorne N. Vause, Jr., is an infant, thirteen years of age.

Had paragraph 3d consisted of the first sentence only, it would have effected the conveyance to testatrix's infant son of the residuary personalty absolutely and the realty in fee simple. Under the Revised Statutes, a fee may be limited conditionally or with a defeasance; consequently the subsequently stated limitation over to the friend and to the cousins in the event of the son's death under age constitutes a valid executory gift. The objection of repugnancy no longer obtains with respect to either real or personal property. (Real Prop. Law, § 31; *Vanderzee* v. *Slingerland,* 103 N. Y. 47; *Norris* v. *Beyea,* 13 id. 273; *Matter of Miller,* 11 App. Div. 337; *Chapman* v. *Moulton,* 8 id. 64; *Matter of Johnson,* 133 Misc. 566.)

There remains the question of the precise nature of the interest of the infant son in this residue. The answer thereto involves a determination of the meaning and effect of the provision that in case of the death of the son before he reaches the age of twenty-one years " the balance of the estate left, after his debts are paid, including his funeral expenses is to be divided " as stipulated. Did the phrase " after his debts are paid, including his funeral expenses," not appear, authority would be abundant. Upon his attaining the age of twenty-one years, such property, real and personal, as might then be embraced in the residuary estate would become his in fee and absolutely. Prior thereto, he would have the use together with the beneficial right of disposition thereof. If he should die before reaching his majority, such balance of the residue as might then remain would be divided among Mary Mildred Dietz, Ellen

Cullen and Matilda McDonald. (*Matter of Ithaca Trust Co.*, 220 N. Y. 457; *Seaward* v. *Davis*, 198 id. 415; *Leggett* v. *Firth*, 132 id. 7; *Crozier* v. *Bray*, 120 id. 366; *Matter of Nugent*, 142 Misc. 594; *Matter of McFadden*, 135 id. 690; *Vincent* v. *Rix*, 127 id. 639.) The phrase immediately under consideration, *i. e.*, " after his debts are paid, including his funeral expenses," is not intended, in the opinion of the court, in any wise to restrict the use and beneficial disposition of the property by the son during his lifetime. On the contrary, by the addition of these words the residuary estate is subjected not only to such beneficial disposition, but is further charged with the payment of the debts and the funeral expenses of the son in the event that he dies during minority. (*Kendall* v. *Case*, 84 Hun, 124.)

This conclusion becomes confirmed when the general testamentary scheme is developed. The primary concern of the testatrix was the protection of her infant son. Of importance, secondary only to this, was her desire that her husband, for causes stated, should receive no greater portion of her estate than the expressed bequest of one dollar. If an outright gift of the residue were to be presently made to the infant and he were to die while still legally disqualified to make testamentary disposition, his father might take as his sole distributee. To prevent such possibility, and for this purpose alone, the absolute gift is qualified and the executory bequest and devise fashioned.

Proceed accordingly.