Frank D. Paulo, S.
Gerald Argento, the nephew of the within decedent, and her sole distributee as well as the principal beneficiary under her will, has petitioned the court for a construction of her will. The executor, Silvio 1?. Marraccini, joins with the petitioner in the application.
After a direction to her executor to pay her debts and funeral expenses and a specific bequest to the Pentecostal Church, decedent’s will reads as follows:
‘1 third : I give to my beloved nephew, gerald argento, residing at 280 Mallory Avenue, Staten Island 5, New York, the balance of my personal estate and all real property owned by me at the time of my death subject to the following conditions:
“ 1. That title to my real property shall not pass to my nephew, Gerald Argento until he attains the age of 40 years.
“ 2. That my personal estate consisting of bank accounts and insurance policies be held in trust by my executor or executors for my nephew, Gerald Argento’s benefit until he attains the age of 40. My executor or executors are directed to give to my nephew Gerald Argento the accumulated interest at the end of each year.
“ 3. All expenses for the care and maintenance of premises No. 280 Mallory Avenue, Staten Island 5, New York, including taxes, water and sewer rents shall be paid by my nephew gerald argento, should he fail to do so I direct my executor or executors to pay all taxes and to care and maintain said premises No. 280 Mallory Avenue, Staten Island 5, N. Y. and in such event I revoke my direction to my executor or executors to give to my nephew the accumulated interest from my personal estate to my nephew Gerald Argento.
“ fourth : In the event my nephew gerald argento does not survive me nor does he attain the age of 40 years I then direct that all my real property and personal property be divided equally between his then surviving children.
“ fifth : I hereby nominate and appoint silvio p. marraooini 237 Clawson St. S. I. 6, N. Y. and Joseph oasella 258 Charles *971 Avenue Staten Island 2, New York my executors with full power to sell my real property subject to the terms of my Will and further direct and order that no bond or security shall be required of them to insure the faithful performance of their respective duties.”
At the time of her death, the testatrix owned one parcel of real estate known as No. 280 Mallory Avenue, Staten Island, New York. She lived there as did the petitioner and his family. The only information before the court as to her assets other than real property is the allegation in the petition for probate, that she left personal property having a value of over $10,000.
It is apparent from reading the entire will that testatrix intended to leave the beneficial interest in her entire residual estate to her nephew, Gerald, while restricting his power of disposition over it until and unless he attains 40 years of age. At the date of decedent’s death Gerald was under 40.
In attempting to carry out this general testamentary scheme, testatrix did not, as she might have, create a single trust estate for her realty and personalty combined. She chose to treat the two as separable entities.
In the opening sentence of paragraph thibd, read in conjunction with subparagraph (1) of the same paragraph and paragraph fourth, testatrix devised her realty to nephew Gerald, in fee, subject to his interest being divested should he fail to reach 40 years of age. (Matter of Vause, 151 Misc. 64.) Paragraph fifth establishes a gift over to Gerald’s children, living at his death in the event he dies before reaching 40. Gerald’s children as an open class take a conditional limitation in the nature of a contingent remainder — contingent on their surviving their father and contingent upon his dying before reaching 40. (Real Property Law, § 53; see Williams v. Jones, 166 N. Y. 522, 537.)
The devises described above are all valid since all interests must rest or fail completely no later than the death of Gerald.
Testatrix established a valid trust of her personal property, giving Gerald the income annually until he reaches 40 or sooner dies, subject to a direction to her trustee (the executor) to pay all taxes, water charges and sewer rents and the expenses for the care and maintenance of the real property in the event Gerald does not pay them. The court finds that it was testatrix’ intention that her trustee should invade principal, if necessary and employ all income from the trust, if necessary, to pay the expenses of the realty if Gerald ignores her. wish that he pay them.
*972 The power of sale given in paragraph “ fifth *’ is construed as a discretionary limited power of sale — limited to a sale necessary in furtherance of testatrix’ general testamentary scheme. (See Sweeney v. Warren, 127 N. Y. 426.) It was the testatrix’ intention to permit her executor to sell the real property only if her general testamentary plan required it. Although the power devised is discretionary it was not the intention of the testatrix to confer unlimited discretion upon the executor (Matter of Coolidge, 85 App. Div. 295, affd. 177 N. Y. 541).