REBECCA C. FROST *vs.* JANE COURTIS & another.

Essex.    November 4, 1896. — January 6, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Tenants in Common — Lapsed Devise.*

A testator by his will devised the residue of his estate, consisting of realty, to his
wife J. and his two children F. and R., " to hold the same in equal portions
to them . . . and their heirs and assigns forever." He declared that to his two
grandchildren A. and B., children of a deceased son by a former marriage, he
gave nothing. R. died before the testator, intestate, without issue and unmar-
ried. *Held,* that J. and her two children F. and R. took as tenants in common,
and not as a class or as joint tenants, and that, R. having died before the tes-
tator, the devise to him lapsed.

PETITION for partition of two parcels of real estate, one in
Marblehead, and the other known as Baker's Island, in Salem
harbor. The petitioner claimed to be seised in fee simple of one
undivided sixth part of both parcels. Trial in the Superior
Court, before *Braley,* J., who reported the case for the determi-
nation of this court, in substance as follows.

The respondents claimed exclusive title to the property under
the second clause of the will of Francis Courtis. The second
and third clauses of the will are as follows :

" Second. All the rest and residue of my estate of every name
and nature that I shall die seised of and possessed, or to which I
shall be entitled at the time of my decease, wherever and how-
ever the same may be situated, I do give, devise, and bequeath
the same and every part and portion thereof to my beloved wife
Jane Courtis and my two children Francis Mason Courtis and
Robert Harris Courtis. To have and to hold the same in equal
portions to them, my said wife Jane Courtis, and my said two chil-
dren Francis Mason Courtis and Robert Harris Courtis, and their
heirs and assigns forever.

" Third. As to my two grandchildren, Rebecca Coombs Courtis
and Francis Joshua Courtis, children of my deceased son, Francis
Courtis, they already have some little property of their own, and
I leave them my best wishes for their spiritual and temporal hap-

piness, but I do not feel it my duty to make any provision for them in this my last will and testament."

The petitioner claimed a share in the property as an heir at law of the testator, on the ground that, Robert Harris Courtis having died without issue during the life of the testator, the interest so devised to him lapsed. Francis Courtis, Jr., the son and only child of the testator by his first wife, died on December 8, 1845, intestate, leaving as his only issue Francis Joshua Courtis and Rebecca Coombs Courtis, now Rebecca Coombs Frost, the petitioner. Elsie Courtis, the testator's first wife, died about the year 1848. Robert Harris Courtis died before the testator, on December 15, 1868, intestate, without issue and unmarried. Francis Courtis, the testator, died on June 15, 1870. Francis Joshua Courtis died on September 30, 1870, intestate, without issue, unmarried, and leaving the petitioner as his sole heir at law. Francis Mason Courtis died in 1883, intestate, without issue and unmarried. Nathan R. Morse, one of the respondents, claimed by virtue of a conveyance from one of the devisees who survived the testator. Jane Courtis also claimed title by prescription.

The judge ruled " that the devise in the second clause of the will was to the devisees therein named as a class, and not *per capita*, and that the interest devised to Robert Harris Courtis in the said clause did not lapse upon his death before the testator's death, but went to the survivors named in the second clause," and directed a verdict for the respondent Courtis. If the ruling was right, judgment was to be entered on the verdict; otherwise, a new trial was to be granted to try the issue of title by prescription of Jane Courtis.

The case was argued at the bar in January, 1897, and afterwards was submitted on briefs to all the judges.

*S. H. Tyng,* ( *G. C. Abbott* with him,) for the petitioner.

*H. P. Moulton & T. M. Stimpson,* for the respondent Courtis.

MORTON, J. The question in this case is, whether the persons named as legatees in the second clause of the will took as a class, in which event the property in suit would go to the survivor or survivors on the death of one or more members of it before the testator, or whether they took as tenants in common, in which case the share or shares of those so dying would lapse. The respond-

ents contend that they took as a class. The general rule is, that, when real property is given, as it was here, to several persons by name to be equally divided amongst them, they take as tenants in common, and not as joint tenants or as a class. *Emerson* v. *Cutler,* 14 Pick. 108. *Jackson* v. *Roberts,* 14 Gray, 546. *Workman* v. *Workman,* 2 Allen, 472. *Claflin* v. *Tilton,* 141 Mass. 343. *Wood* v. *Seaver,* 158 Mass. 411. *Horton* v. *Earle,* 162 Mass. 448. 2 Jarm. Wills, (4th Am. ed.) 162 *et seq.*

This rule yields to a different construction when it plainly appears from the will that it was the intention of the testator that the survivors should take the whole. *Swallow* v. *Swallow,* 166 Mass. 241, and cases cited. The mere fact, however, that the testator gives to some and not to others of those who are related to him, does not show that he gives to them as a class, or that the doctrine of survivorship is to be applied. *Sohier* v. *Inches,* 12 Gray, 385.

In the present case the testator went a little further, and named those to whom he did not give anything, and explained why he did not give them anything; but we do not think that that is sufficient to show that he gave to his second wife and her children as a class, or that he intended that, if one of them died before he did, the survivors should take the whole.

It is probable that that contingency did not occur to him. We may conjecture that if it had he would have provided for it in a manner altogether favorable to his second wife and her children. But that is not enough to justify us in departing from a well settled rule of construction. Very likely his object in naming his grandchildren by the son of his first wife, and explaining why he did not give them anything, was to show that he had not forgotten them; and it would be a forced construction to infer from that fact that he intended to constitute one class of them, and another class of his second wife and her children. We think, therefore, that, in accordance with the report, the verdict should be set aside, and the case should stand for trial on the issue whether the respondent Jane Courtis has acquired a title by prescription.

*So ordered.*