FRANK LYMAN, administrator, *vs.* J. RANDOLPH COOLIDGE
& others.

Norfolk.    January 18, 1900. — March 28, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Will — Codicil — Residuary Clause — Gift not to a Class but passing as
Intestate Property.*

By the eleventh clause of the third codicil to his will the testator revoked " the
residuary clauses in my will and codicils and in lieu thereof " gave the residue
remaining after the payment of specific legacies, provided for in the will and
codicils, one third to a nephew, one third to another nephew, one sixth to still
another nephew, and one sixth to a niece.   After referring to the will and the
first and second codicils, the third codicil ratified them save as " changed by this
instrument."   The will and second codicil contained residuary clauses which
were revoked by the eleventh clause of the third codicil; but, after providing
in the second codicil that in case of the death of certain legatees before
him the legacies given to them by will should be paid to their legal represent-
atives, the testator proceeded, " I further direct that if any of the other lega-
tees named in my will or codicils thereto shall die before my decease, the
legacies therein given shall lapse, and the amount thereof shall be included in
the residue of my estate."   *Held,* the niece having died without issue before
the testator, that the gift was not to the persons named as a class, but that the
share which she would have taken had she survived the testator passed as in-
testate property.

PETITION IN EQUITY, by the administrator de·bonis non with
the will annexed of Susan B. Lyman, asking instructions as to
the construction thereof.   Hearing before *Lathrop,* J., who
reserved the case for the consideration of the full court.

*C. H. Fiske,* for the administrator, read the papers in the case.

*H. J. Coolidge,* for the residuary legatees.

*A. Fiske,* for certain heirs at law of the testatrix.

LATHROP, J.   The question in this case is as to the construc-
tion to be given to the will and codicils of Susan B. Lyman.
The clause more particularly in controversy is the eleventh
clause of the third codicil, which is as follows: " I hereby revoke
the residuary clauses in my will and codicils, and in lieu thereof
I hereby give all the rest and residue of my estate remaining
after the payment of the specific legacies provided in my will
and the several codicils thereto, as follows : One third thereof

to my nephew Joseph Randolph Coolidge.  One third thereof to my nephew Algernon Sidney Coolidge.  One sixth thereof to my nephew Thomas Jefferson Coolidge.  And one sixth to my niece, Ellen Randolph Dwight, wife of Edmund Dwight."

The will is dated September 30, 1871, and the three codicils are dated respectively October 6, 1871, September 23, 1878, and April 12, 1893.  The testatrix died in December, 1898, and Mrs. Dwight died, without issue, before her.

The only question is whether the share of Mrs. Dwight goes to the surviving residuary legatees or is to be treated as intestate estate, in which case the surviving nephews mentioned in the residuary clause would take one half of the share Mrs. Dwight would have been entitled to if living, and the other next of kin would take one half in certain proportions, they being a great-nephew, two great-nieces, and one great-great-niece.  It was agreed at the argument that the four persons named in the eleventh clause were children of a brother of the testatrix.

It seems to us very clear that, taking the eleventh clause by itself, the gift was not to the persons named as a class, but to each of those persons in a certain proportion.  There was no survivorship, and the share of one dying before the testatrix would pass as intestate estate.  *Sohier* v. *Inches*, 12 Gray, 385, 387. *Lombard* v. *Boyden*, 5 Allen, 249.  *Stratton* v. *Physio-Medical College*, 149 Mass. 505, 509.  *Frost* v. *Courtis*, 167 Mass. 251. *Powers* v. *Codwise*, 172 Mass. 425.  See also *Smith* v. *Haynes*, 111 Mass. 346 ; *Upham* v. *Emerson*, 119 Mass. 509 ; *Barber* v. *Barber*, 3 Myl. & Cr. 688 ; *Boulcott* v. *Boulcott*, 2 Drew. 25 ; *Bain* v. *Lescher*, 11 Sim. 397.

The third codicil, however, begins by referring to the will and the first and second codicils, and then follows this clause : " which will and first and second codicils I hereby ratify and confirm in all respects save as the same are changed by this instrument."  The will contained a residuary clause, as did also the second codicil, and these clauses are clearly revoked by the eleventh clause of the third codicil ; but the testatrix, in the second codicil, after providing that in case of the death of certain legatees before her, the legacies given to them by the will shall be paid to their respective legal representatives, proceeds as follows : " I further direct that if any of the other legatees

named in my will or codicils thereto shall die before my decease, the legacies therein given shall lapse, and the amount thereof shall be included in the residue of my estate."

The question is then presented whether the clause last cited includes residuary legatees as well as specific legatees. If it does, then it is difficult to see why it is not *pro tanto* repealed by the first sentence of the eleventh clause of the third codicil. However this may be, it seems to us reasonably clear that the language used in the second codicil relates to the specific legacies given by the will and codicils, and not to the residuary estate. The words used show that the testatrix had in mind something outside of the residuary estate which was to fall into it.

No doubt the will and codicils are to be taken and construed together, as parts of one and the same instrument, speaking the language of the testatrix at the time of her death. *Gray* v. *Sherman,* 5 Allen, 198, 199. *Richardson* v. *Willis,* 163 Mass. 130. But where a legacy lapses which is part of the residue, it cannot, according to our decisions, fall into the residue because it is itself a part of the residue, and it must pass as intestate estate. *Sohier* v. *Inches* and *Lombard* v. *Boyden, ubi supra.*

We are therefore of opinion that the portion which Mrs. Dwight would have taken if she had survived the testatrix is not a part of the residue of the estate, but passes as intestate property.                     *Decree accordingly.*