MICHAEL H. CURLEY & another, executors, *vs.* JAMES LYNCH & others.

Suffolk.   May 16, 1910. — June 25, 1910.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, LORING, & SHELDON, JJ.

*Husband and Wife.   Power.   Devise and Legacy.   Words, "Relation."*

The established rule that a wife is not a "relation" of her husband within the meaning of R. L. c. 135, § 21, referred to by SHELDON, J.

If a husband by his will creates a trust fund, of which he gives his wife the income during her life, with a remainder to such persons as she shall appoint by her will, the power of appointment is dependent upon the survival of the wife, and if she dies before her husband it never comes into existence.

A husband by his will created a fund to be held in trust, of which the income was to be paid to his wife during her life, and on her death one half of the fund was to be disposed of as his wife should "in and by her last will and testament devise and bequeath the same." The wife of the testator died three days before he did, leaving a will which was executed eight days before her death. The will of the testator was executed four days after that of his wife. It was shown that before making this will he read his wife's will and expressed approval of it, and that a day or two later he said to his wife "I have made my will, and I think you will be pleased with it." The will of the wife contained a residuary clause by which she gave, devised and bequeathed all the residue of her property to her nieces and nephews. Her nieces and nephews claimed one half the trust fund created by the testator as having been given to them by the execution of the testamentary power by the testator's wife by the residuary clause of her will. *Held,* assuming that the residuary clause under the will of the wife, although executed before the power was created, would have operated as an exercise of the power of appointment under the will of her husband if she had survived him, its attempted exercise by way of anticipation was a nullity, because the testator's wife died before him and the power never came into existence. *Held, also,* that, although the testator might have incorporated in

his will the provisions of his wife's will, which he knew and approved of, he did not make such an incorporation, but left the half of the trust fund to be disposed of by whatever last will his wife should leave at her decease, whenever she might execute it; that, therefore, there having been no operative appointment by the testator's wife, the half of the fund which would have been at her disposal if she had survived the testator must go as intestate property to his next of kin.

BILL IN EQUITY, filed in the Supreme Judicial Court on November 2, 1909, by the executors of the will of Eugene Lynch, late of Boston, for instructions.

The case was heard by *Sheldon*, J., who reported it for determination by the full court.

Eugene Lynch died on January 26, 1909. The material portion of his will was as follows:

" All the rest and residue of my etate shall, as soon as practicable, be divided into two equal parts, one of which shall be known as and designated ' The Mary E. Lynch Trust Estate,' the other of which shall be known as and designated ' The Lynch-Bickford Trust Estate.'

" Said part known as and designated ' The Mary E. Lynch Trust Estate ' I give, devise and bequeath to my said trustees for the/ purposes and upon the trusts following, that is to say : —

" To invest the same in good and safe investments, with power to change investments, real and personal, as they may think fit, at public or private sale, no purchaser to be held responsible for the application of the purchase money, and to pay the net income of this Trust Estate in quarter yearly payments to my said wife, Mary E. Lynch, for the term of her natural life.

" As soon as practicable after the death of my said wife, the then trustees hereunder shall make two equal divisions of this ' The Mary E. Lynch Trust Estate ' and one of said equal divisions shall be, as soon as practicable, paid and delivered free and discharged from any and all trusts under this my Will, as my said wife shall in and by her last Will and Testament devise and bequeath the same."

Here followed provisions for the disposition of the remaining division of " The Mary E. Lynch Trust Estate " after the death of the testator's wife.

Mary E. Lynch died three days before her husband, on

January 23, 1909.   She left a will, of which the residuary clause was in part as follows: " All the rest and residue of my property, including my stocks . . . I give, devise and bequeath to my nieces and nephews, there being seven in number. . . ."

The will of Mary E. Lynch was made on January 15, 1909, and the will of Eugene Lynch was made on January 19, 1909.

At the hearing, testimony was introduced by those claiming under the will of Mary E. Lynch, tending to show that Eugene Lynch before he made his will read his wife's will and expressed satisfaction with it, and that a day or two later he said to his wife, " Mary, I have made my will, and I think you will be pleased with it."

The presiding justice admitted this testimony, subject to the exception of the other parties in interest, upon the question whether Eugene Lynch knew of his wife's will when he made his will, and found that he did know of the provisions of her will when he made his own will.   If the evidence was admissible and was competent, this finding was to stand; otherwise not.

Certain paragraphs of the plaintiffs' bill were admitted to be true, and it was agreed that the only questions involved in the case were whether a valid power of appointment was given to Mary E. Lynch during her life by the will of her husband, and whether she could, or did, by her will make a valid appointment under such power ; and also whether her nephews and nieces took under the wills of Eugene Lynch and Mary E. Lynch any interest in his estate.

The case and all questions of law therein, including the question raised by the exception to the admission of the testimony mentioned above, were reserved and reported to the full court upon the pleadings and the admissions and agreements of the parties so far as material, such orders and decrees to be entered therein as to the full court should seem proper.

The case was submitted on briefs.

*J. B. Carroll, W. H. McClintock & J. F. Jennings,* for James Lynch and Hannah M. Barry.

*J. P. Doran,* for Eugene A. Bickford and others.

*J. P. Magenis & J. Wentworth,* for Mary A. B. Magenis and others.

*J. F. Sweeney & H. A. Wilson,* for Anna V. Brine and Mar-

garet Finnigan, executors of the will of Mary E. Lynch, and for the residuary legatees named in the will of Mary E. Lynch.

*C. Hunneman,* guardian *ad litem* of Margaret K. Finnigan and others.

SHELDON, J. The provisions made by Eugene Lynch in his will for the benefit of his wife lapsed and became of no effect by reason of her decease in his lifetime. She was not a " relation of the testator " within the meaning of those words in R. L. c. 135, § 21. *Esty* v. *Clark,* 101 Mass. 36. *Kimball* v. *Story,* 108 Mass. 382, 385. *Horton* v. *Earle,* 162 Mass. 448. And the power of appointment given to her fell with the life estate which preceded it. That power did not and could not come into existence until the death of Lynch himself. And as his wife, the only person who could have exercised the power, was dead before that time, the power itself never came into existence. It is as if no such power had been created by the will of Lynch. *Jones* v. *Southall,* 32 Beav. 31. *Griggs* v. *Gibson,* 35 L. J. (N. S.) Ch. 458. *Sharpe* v. *M'Call,* [1903] 1 Ir. 179.

If we assume that the language of Mrs. Lynch's will could be regarded as an exercise of the power which she would have had under her husband's will if she had survived him, then we may also assume that the mere fact of her appointment having preceded the creation of the power under which it was made would not have prevented it from taking effect. *Stone* v. *Forbes,* 189 Mass. 163, 168. *Osgood* v. *Bliss,* 141 Mass. 474, 476, 477. *Willard* v. *Ware,* 10 Allen, 263. *Boyes* v. *Cook,* 14 Ch. D. 53. *Airey* v. *Bower,* 12 App. Cas. 263. But the difficulty here is not a mere question of time ; it goes deeper than that. Mrs. Lynch never enjoyed a power of appointment at all. In all the cases above referred to the power was vested in its donee when his appointment took effect. But here there could be no power in existence until the husband's death, and there never was a time when Mrs. Lynch had any such power vested in her. It follows that any attempted appointment by her was a mere nullity.

But it has been contended that Eugene Lynch adopted the provisions of his wife's will and by reference incorporated them into his own will. *Dexter* v. *Harvard College,* 176 Mass. 192. *Allen* v. *Boomer,* 82 Wis. 364. *Goods of Limerick,* 2 Rob. Eccl. 313. Undoubtedly he might have done so, as it appears that

his will was made after hers and with knowledge of its contents. Nor do we doubt that it was competent to prove these facts. But his language, even considered in the light of these facts, falls far short of the effect contended for. The words that he used were that the fund should " be, as soon as practicable, paid and delivered free and discharged from any and all trusts under this my will, as my wife shall in and by her last will and testament devise and bequeath the same." These words refer unmistakably to whatever last will his wife should leave at her decease, whenever she might execute it, and not solely to the will which, as he knew, she had then executed, but which until her death was still ambulatory, and could be altered or revoked as she might choose. He made no reference in terms to that particular will. This was not a reference in clear and precise terms to an existing document plainly and specifically identified; it was the creation of a general power which his wife might exercise by any future will. He did not restrict his bounty to the particular beneficiaries whom she had already named; he intended that this part of his estate should go to those to whom she might in future appoint it by any new and final will that she might make. He did not seek to incorporate into his own will the specific provisions which he had read in hers. The industry of counsel has referred us to a multitude of decisions upon this subject; but we know of none which could be wrested into a support of the contention that has been made. It is enough to refer to some of these cases: *Newton* v. *Seaman's Friend Society*, 130 Mass. 91; *Thayer* v. *Wellington*, 9 Allen, 283; *Bryan's appeal*, 77 Conn. 240, and 68 L. R. A. 353; *Baker's appeal*, 107 Penn. St. 381; *Skinner* v. *American Bible Society*, 92 Wis. 209; *Schillinger* v. *Bawek*, 135 Iowa, 131; *Matthews* v. *McDade*, 72 Ala. 377; *Estate of Plumel*, 151 Cal. 77; *Goods of Smart*, [1902] Prob. 238; *Singleton* v. *Tomlinson*, 3 App. Cas. 404. *Vestry* v. *Bostwick*, 8 App. Cas. D. C. 452.

In accordance with the terms of the report, a decree is to be entered instructing the petitioners that Mrs. Lynch took no valid power of appointment under the will of her husband, and did not by her will make a valid appointment of any part of his estate, and that her nephews and nieces do not under his and her wills take any interest in his estate, but that the part of his

estate which would have been at his wife's disposal if she had survived him must go to his next of kin as intestate estate. *Cummings* v. *Bramhall,* 120 Mass. 552, 558. *Lyman* v. *Coolidge,* 176 Mass. 7. *Dresel* v. *King,* 198 Mass. 546.

*So ordered.*