WORCESTER TRUST COMPANY, executor & trustee, *vs.* M. LOUISE TURNER & others.

Worcester.   October 2, 1911. — October 17, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Devise and Legacy.   Words,* " Relation."

A sister-in-law of a testator, named as a legatee, who died before the testator leaving issue surviving the testator, is not a "relation of the testator" within the meaning of R. L. c. 135, § 21.

A will, which contained a large number of legacies, concluded with the following provision: "If after all these legacies have been paid in full there shall still be a residue left, I bequeath that to be divided among the first sixteen legatees named in this will, in proportion to the several amounts given to each." There was such a residue to be distributed.   The first sixteen legatees named were relations and friends of the testator and their legacies were given successively in sixteen separate articles of the will.   Three of these legatees died before the testator.   One was not a relation of the testator and the other two left no issue, so that their legacies lapsed and the amounts named in these legacies fell into the residue of the estate to be distributed under the clause above quoted. *Held,* that the residuary legatees were the first sixteen legatees named in the will, whether they actually took under it or not, and that the residue, increased by the amounts of the three lapsed legacies, was to be distributed among the sixteen legatees named in the will as it was written, except that the shares of the residue which thus would go to the three deceased legatees were to be distributed as intestate property to the next of kin of the testator.

A share of a residuary bequest which has lapsed by reason of the death of the legatee, being itself a part of the residue, cannot be distributed under the residuary clause and goes to the testator's next of kin as intestate property, unless the will shows a manifest intention of the testator that such a lapsed residuary legacy shall go to increase the shares of the other residuary legatees.   In the present case no such intention was shown.

One of the bequests in a will was the gift of a fund of money to a trustee, " but in trust" to pay the income to the testator's sister during her life, with a discretionary power in the trustee, if the income should "be insufficient at any time to provide for all her necessities and reasonable comforts," to pay to her so much of the principal as might be needed therefor.   The trustee was directed to exercise discretion in favor of the beneficiary.   She was authorized to dispose of the principal of the fund by will, and, in case she did not do so, the fund at her decease was to go to the testator's heirs.   A later provision in the will was as follows: "In the event my estate should not be sufficient to pay the legacies in full bequeathed in this will, I direct that the legacy to my sister, [naming her,] shall first be paid her in full."   After providing for the order of payment of the other legacies, came the following clause: " If after all these legacies have been paid in full there shall still be a residue left, I bequeath that to be divided among the first sixteen legatees named in this will, in proportion to the several amounts given to each."   The legacy for the benefit of the tes-

tator's sister was one of the sixteen thus designated. There was a residue to be distributed under the clause last quoted, and the testator's sister contended that she and not the trustee was the legatee referred to and that she was entitled to receive personally the share of the residue corresponding to the legacy for her benefit. *Held*, that the trustee and not the beneficiary for life was the legatee designated to receive the share of the residue, and that such share was to be added to the fund held in trust.

BILL IN EQUITY, filed in the Probate Court for the county of Worcester on March 11, 1911, by the Worcester Trust Company, a corporation, as executor and trustee under the will of Horace A. Young, late of Worcester, for instructions.

The bill alleged that, so far as known to the plaintiff, the defendants were the only persons interested in the subject matter of the bill, that Jemima Aldrich, the legatee named in the fourteenth article of the will, died after the death of the testator, and that the defendant William DeF. Aldrich had been appointed administrator of her estate in the State of Rhode Island; that the ninth article of the will contained the following bequest, " To my sister-in-law, Lydia Young of Woonsocket, Rhode Island, I bequeath the sum of two thousand dollars "; that Lydia Young was not otherwise than as designated in this bequest a relation of the testator, and that she died before the testator, leaving as her only issue one son, the defendant Alfred Young; that clause fifth of article thirtieth of the will provided as follows, " Fifth: If after all these legacies have been paid in full, there shall be a residue left, I bequeath that to be divided among the first sixteen legatees named in this will, in proportion to the several amounts given to each "; that Warren E. Sibley, named as legatee in the eighth article of the will, died before the testator leaving no issue him surviving; that Victoria M. Worcester, named as legatee in the seventeenth article of the will, died before the testator leaving no issue her surviving; that all the legacies and gifts in the will, other than that in clause fifth of article thirtieth, had been paid in full; that there was a substantial residue to be disposed of by clause fifth of article thirtieth of the will; and that certain of the defendants were the heirs at law and next of kin of the testator.

The bill prayed for instructions as to the following matters:

" 1. Who are the first sixteen legatees named in this will, to whom under clause fifth of item thirtieth the residue of the

estate is given in proportion to the several amounts given to each? Are the said first sixteen legatees the first sixteen who under the circumstances existing at the death of the testator received an actual legacy under his will, or are they those of the first sixteen legatees actually named in his will who survived the testator and received the legacies provided for them, or is there an intestacy as to any part of said residue?

" 2. In what proportion or proportions is said residue to be divided, and to whom is it to be paid?

" 3. Is the share of the residue to which the defendant, M. Louise Turner, is entitled to be paid to her or to the Worcester Trust Company on the trusts set forth and contained in item second of said will?

" 4. Does the legacy to Lydia Young contained in the ninth item of said will lapse and fall into the residue, or is her surviving issue, the defendant Alfred Young, entitled thereto? "

The will was dated October 19, 1904, and was proved on April 6, 1909.

The second article of the will was as follows:

" To the Worcester Trust Company, a corporation duly established by law and located in said Worcester, I bequeath the sum of fifteen thousand dollars, but in trust nevertheless to be held prudently invested and to pay the income thereof semiannually to my sister, M. Louise Turner, of Oakland, Rhode Island, during her life, and in case the income shall be insufficient at any time to provide for all her necessities and reasonable comforts, said Trustee is authorized in its discretion to pay to her so much of the principal thereof as may be needed therefor, and I wish my said Trustee to exercise discretion in her favor. It is my wish that said Trustee will invest said sum or continue the investment thereof in Savings Banks or any good securities which shall not be directly taxable, in order that the income of said fund may be as large as may be for the benefit of my sister.

" I hereby authorize and empower my sister to dispose by will of the principal of said fund or whatever residue thereof may be left in the hands of the Trustee at her decease, and in case she does not dispose of the same by will, then at her decease said fund or whatever may remain thereof, shall be distributed among

those persons living at her decease who would constitute my legal heirs."

The third to the eighteenth articles, inclusive, gave pecuniary legacies to individuals. Of these the eighth gave $5,000 to the testator's nephew Warren E. Sibley, the ninth gave $2,000 to the testator's sister-in-law Lydia Young and the seventeenth gave $8,000 to his niece Victoria M. Worcester.

The nineteenth to the twenty-fifth articles, inclusive, gave pecuniary legacies to charitable corporations and a religious society.

The twenty-sixth to the twenty-ninth articles, inclusive, made specific gifts to individuals of personal chattels such as books, pictures and a piano.

The thirtieth article was as follows:

"In the event my estate should not be sufficient to pay the legacies in full bequeathed in this will, I direct that the legacy to my sister, M. Louise Turner, shall first be paid her in full.

"Second: That the legacy to my niece, Victoria M. Worcester be paid in full.

"Third: That the legacies numbered three to sixteen inclusive bequeathed in my will be paid in proportion to the amounts severally bequeathed to each.

"Fourth: If my property left at my decease is sufficient to pay the first seventeen legacies given in my will in full, I then direct if there is sufficient residue to pay the nine remaining beneficiaries the full amount of each legacy, and if said residue is not sufficient, I direct that said remaining nine beneficiaries be paid in proportion to the several amounts bequeathed to them.

"Fifth: If after all these legacies have been paid in full there shall still be a residue left, I bequeath that to be divided among the first sixteen legatees named in this will, in proportion to the several amounts given to each."

The thirty-first article, which was followed by the attesting clause, nominated the plaintiff as the executor of the will.

In the Probate Court *Chamberlain,* J., after ordering that the bill be taken as *pro confesso* against those of the defendants who had not filed answers, made a decree as follows:

"And it further appearing that Warren E. Sibley, named in the

eighth item of said will, and Victoria M. Worcester named in the seventeenth item, deceased prior to the death of the testator leaving no issue surviving him; and that Lydia Young named in the ninth item was not a relation of said testator, after hearing and consideration, the court doth order and decree that in disposing of the residue of his estate in these words:

" 'If after all these legacies have been paid in full there shall still be a residue left, I bequeath that to be divided among the first sixteen legatees named in this will, in proportion to the several amounts given to each.'

" The testator meant the first sixteen legatees named in the will as written, to wit: Worcester Trust Company, Herbert C. Young, Maria Young, Lorrilla A. Blackmar, William Blackmar, Lydia A. Sibley, Warren E. Sibley, Lydia Young, Alfred Young, Mary E. Young, Walter A. Young, William DeF. Aldrich, Jemima Aldrich, Willie Aldrich, Francello Young, and Victoria M. Worcester, and the residue to be disposed of under the fifth clause of the thirtieth item, should be distributed among said legatees in proportion to the sums given them respectively by the first sixteen bequests, except that the shares which would thus come to Warren E. Sibley, Victoria M. Worcester and Lydia Young, if living, should be distributed as intestate estate to the next of kin of said testator.

" The share of the residue taken by the Worcester Trust Company is to be held upon the same trusts that govern the bequest of $15,000, given to it in the second item of said will."

The defendants M. Louise Turner, Alfred Young, and two charitable corporations appealed from the decree.

The appeal came on to be heard before *Rugg*, J., who reserved it for determination by the full court.

*T. H. Gage*, for the Worcester Trust Company, executor, stated the case.

*W. E. Sibley*, *C. H. Sibley & C. M. Blair*, for M. Louise Turner, submitted a brief.

*F. N. Thayer*, for Alfred Young.

*D. W. Lincoln*, (*C. H. Derby* with him,) for the Worcester Trust Company, trustee, and for the Worcester Children's Friend Society.

*E. T. Esty*, for the Home for Aged Men, submitted a brief.

SHELDON, J.   1. It is rightly agreed by all parties that the legacies given by the eighth, ninth and seventeenth clauses of the will to Warren E. Sibley, Lydia Young and Victoria M. Worcester have lapsed; that to Mrs. Young because she was not a relation of the testator within the meaning of R. L. c. 135, § 21; *Esty* v. *Clark*, 101 Mass. 36; *Kimball* v. *Story*, 108 Mass. 382, 385; *Horton* v. *Earle*, 162 Mass. 448; *Curley* v. *Lynch*, 206 Mass. 289; and the others because neither of these two legatees left issue. *Frost* v. *Courtis*, 167 Mass. 251.   The amounts of these legacies fall into the residue and become a part of the amount to be distributed under the fifth clause of the thirtieth article of the will. *Dresel* v. *King*, 198 Mass. 546.

2. This fifth clause of the thirtieth article of the will is strictly residuary.   It disposes of whatever residue may be left by ordering that " to be divided among the first sixteen legatees named" in the will, " in proportion to the several amounts given to each." This is a bequest as directly to those sixteen individuals and no others as if they were specified by name, instead of being identified by the order in which they are named in the will.   It is not such a disposition as was made in cases relied on by some of the defendants in which beneficiaries were identified by description only and not by name, and, because a will speaks as of the time of the testator's death, it was held that those must take who answered to the description at that later time and not those who answered to it only at the time when the will was made.*  Or, more exactly, it is the first sixteen legatees who are named in the will, whether they actually take under it or not, who are described here and who really answer to the testator's description both at the time of his making his will and at that of his death.

It is also plain that these sixteen legatees take their shares of the residue severally, and not as a class.   As in *Sias* v. *Chase*, 207 Mass. 372, 375, " they are relatives and friends of the testator, to all of whom legacies had been given in the earlier part of the will."   As in *Sohier* v. *Inches*, 12 Gray, 385, the gift is to each one absolutely, and in legal effect is made to each by name

---

* *Miles* v. *Boyden*, 3 Pick. 213.   *Howland* v. *Slade*, 155 Mass. 415.   *White* v. *Massachusetts Institute of Technology*, 171 Mass. 84.   *Pierce* v. *Knight*, 182 Mass. 72, 79.   *Viner* v. *Francis*, 2 Bro. C. C. 658.   *Lincoln* v. *Pelham*, 10 Ves. 166.

(*Jones* v. *Crane*, 16 Gray, 308), and there are no words import-
ing survivorship. A division is to be made in stated proportions
among them, which of itself indicates that they are to take neither
as joint tenants nor as members of a class, and that there is to
be no increase by survivorship among them. *Frost* v. *Courtis*,
167 Mass. 251. *Lombard* v. *Boyden*, 5 Allen, 249. *Lyman* v.
*Coolidge*, 176 Mass. 7. *Shattuck* v. *Wall*, 174 Mass. 167, 169.
*Stanwood* v. *Stanwood*, 179 Mass. 223, 226. *Loomis* v. *Gorham*,
186 Mass. 444.

3. It follows from these considerations that each one of the
residuary bequests to Mrs. Young, Sibley and Mrs. Worcester,
lapsed like their general legacies. *Best* v. *Berry*, 189 Mass.
510, 512, and cases cited. The question arises how the amount
of these bequests is now to be distributed. The general rule to
be applied in such cases is well settled and is scarcely disputed.
It was succinctly stated by Lathrop, J., in *Lyman* v. *Coolidge*,
176 Mass. 7, 9: "Where a legacy lapses which is part of the
residue, it cannot, according to our decisions, fall into the residue
because it is itself a part of the residue, and it must pass as in-
testate estate." In *Dresel* v. *King*, 198 Mass. 546, a case closely
resembling in principle the one now before us, *Lyman* v. *Coo-
lidge* was quoted with approval, and the same rule was applied.
The same result has been reached in other cases, both here and
elsewhere. *Hooper* v. *Hooper*, 9 Cush. 122. *Sohier* v. *Inches*, 12
Gray, 385, 387, in which this court said of such a bequest: "It
certainly cannot fall into the residue, because it was itself a part
of the residue. It must therefore pass to the heirs at law as un-
devised estate." *Jones* v. *Crane*, 16 Gray, 308. *Lombard* v. *Boy-
den*, 5 Allen, 249, 251, in which after a clear statement of the
rule it is said that in such a case "the share of one who dies in
the life of the testator . . . will pass to the next of kin, under
the statute of distributions." *Frost* v. *Courtis*, 167 Mass. 251.
*Powers* v. *Codwise*, 172 Mass. 425. *Colt* v. *Colt*, 33 Conn. 270.
*Floyd* v. *Barker*, 1 Paige, 480. *Craighead* v. *Given*, 10 S. & R.
351. *Crawford* v. *Mount Grove Cemetery Association*, 218 Ill.
399. *Ackroyd* v. *Smithson*, 1 Bro. C. C. 503.

It may be granted, as was said in *Lombard* v. *Boyden*, 5 Al-
len, 249, and *Best* v. *Berry*, 189 Mass. 510, that this rule would
not prevail against a manifest intention of the testator that such

a lapsed residuary bequest, instead of being treated as intestate property, should go to increase the shares of other residuary legatees. But upon examination of this will in all its parts and consideration of the able arguments which have been addressed to us we have not been able to find the expression of such an intent in the language used. It is not enough that he had, as undoubtedly he did have, a general intent to dispose of all his property by his will. That was so in many of the cases already referred to. Such an intent was found by the court in *Dresel* v. *King*, 198 Mass. 546. In that case, as in this, the difficulty is that in the events which have happened he has made no disposition of the amount of these lapsed legacies; and the court cannot make one for him. *Sanger* v. *Bourke*, 209 Mass. 481, 486, 487. The case at bar differs from those which have been relied on in argument. In *Smith* v. *Haynes*, 202 Mass. 531, and *Swallow* v. *Swallow*, 166 Mass. 241, the bequests were to beneficiaries who were held to constitute a class, among the members of which there would of course be survivorship. Other cases turned upon the evident intent of the testator.

The pecuniary legacies given in the earlier part of the will to Lydia Young, Warren E. Sibley and Victoria M. Worcester fall into the residue; and the residue thus increased is to be divided among the first sixteen legatees named in the will as written, except that the shares of the residue which thus would come to these three deceased legatees are to be distributed as intestate estate to the next of kin of the testator.

4. One of the legacies which thus will be increased is that given by the second clause of the will. The will gives this to the Worcester Trust Company, but in trust to pay the income to the testator's sister Mrs. Turner for her life, with a discretionary power to the trustee, if "the income shall be insufficient at any time to provide for all her necessities and reasonable comforts," to pay to her so much of the principal as may be needed therefor. The trustee is directed to exercise discretion in her favor. She is also authorized to dispose of the fund itself by will; but if she does not do so, the fund at her decease is to go to the testator's heirs. She now contends that she is the legatee mentioned in this clause of the will, and that she is entitled personally to receive the corresponding share in the residue. But we are

unable to adopt this view.   Technically, the Worcester Trust
Company is the legatee, though in trust for her.   She can re-
ceive no part of the principal of the fund, except in the discre-
tion of the trustee as already mentioned.   That this discretion is
to be exercised in her favor is far from giving her an absolute
right to demand and receive the fund itself.   And, if she should
die intestate, the fund will revert to the testator's own heirs.
She has merely an equitable life estate with a power of disposi-
tion by will.   We do not overlook the fact that the testator in
the first clause of the thirtieth article of his will speaks of the
legacy as one to her; but we cannot see that he intended the
increment which might come from the residue of his estate to
take a different course or to become any more fully hers than
the principal legacy to which it was appended.   The case pre-
sented is not like *Parker* v. *Iasigi*, 138 Mass. 416.   It is more
like *Iasigi* v. *Iasigi*, 161 Mass. 75, and *O'Brien* v. *Lewis*, 208
Mass. 515.   See also *Matter of Logan*, 131 N. Y. 456, and *Craw-*
*ford* v. *Mount Grove Cemetery Association*, 218 Ill. 399.

The decree of the Probate Court was correct, and a decree
should now be entered in accordance therewith.

*So ordered.*