MOSES WILLIAMS & another, trustees, *vs.* EDWARD O. PUNCHARD & others.

Suffolk.    January 27, 1914. — February 28, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Devise and Legacy,* Whether to class or individuals.

A testator, having created a trust fund from which an annuity was to be paid to his sister during her life, provided that upon her death there should be paid out of the capital to his sister's daughter, naming her, $15,000 and to each of the three sons of his sister, respectively naming them, $5,000. The sister's daughter died during the lifetime of the testator leaving no issue. There was nothing in any part of the will to indicate that the bequests to take effect upon the death of the testator's sister were intended as gifts to her children as a class. *Held,* that the bequest of $15,000 to the testator's niece who died before him was an individual one that lapsed and fell into the residue of the testator's estate.

A residuary clause of a will, which provides for the distribution of the residue of the testator's estate among persons designated or their issue, manifests an intention to dispose of the testator's entire estate and to avoid intestacy of any portion, so that it clearly includes a lapsed legacy.

BILL IN EQUITY, filed in the Probate Court for the County of Suffolk on November 7, 1912, by the trustees under the will of Harvey D. Parker, late of Boston, who died on May 31, 1884, for instructions as to the question stated in the opinion.

In the Probate Court *Grant,* J., made a decree that the legacy of the sum of $15,000, which the trustees were directed on the death of Nancy Maria Punchard to pay out of the capital of

the trust fund to Emma Parker Punchard, lapsed by reason of the death of Emma Parker Punchard in the lifetime of the testator, and was to be distributed under the residuary provisions of article fifteen of the will. The respondent Edward Oscar Punchard appealed.

The appeal came on to be heard before *Sheldon,* J., who reserved it upon the pleadings and an agreed statement of facts for determination by the full court.

*C. A. Williams,* for the trustees, stated the case.

*A. D. Radley,* for the respondent Edward O. Punchard.

*E. F. McClennen,* for the respondent Malverda Nourse Prichard.

*A. H. Latham,* guardian *ad litem* for Gladys C. Butler.

CROSBY, J. This case involves the construction of the will of Harvey D. Parker, and particularly the sixth clause of the twelfth article, which is as follows:

"To pay to my sister, Mrs. Nancy Maria Punchard, Eighteen hundred dollars, by equal quarter-yearly payments of Four hundred and fifty dollars each, in every year during her natural life, the first payment to be made at the end of three months next after my death. And at her death to pay out of the capital of the trust-fund, Fifteen thousand dollars to my niece, Emma Parker Punchard, Five thousand dollars to Edward Oscar Punchard, Five thousand dollars to Charles Pierpont Punchard, and Five thousand dollars to William Henry Punchard." The four persons last named were the only children of Nancy Maria Punchard who were living at the time the will was executed.

The beneficiary for life having deceased and Emma Parker Punchard having died before the testator, leaving no issue, the questions are whether the legacy to Emma Parker Punchard lapsed, and if so, whether it passed under the residuary article of the will, or is to be treated as intestate property.

R. L. c. 135, § 21, does not apply, as Emma Parker Punchard died without issue, and resort must be had to the rules of the common law.

The first inquiry is: Was the gift a gift to the persons named as a class, or to them as individuals? The general rule of construction is that when persons to whom a legacy is given are not described as a class, but by name, although they may constitute a class, they take individually; and if either dies before the testator

the gift to him lapses. But when by the whole will the testator's intention appears to have been that the survivor or survivors shall take the whole fund, such intention governs, and may be inferred from the language of the will when read in the light of the attendant circumstances. The will apparently was drawn with care and indicates that the testator knew the distinction between legacies to a class and legacies to members of a class as individuals. The gift was not only to his niece and nephews by name, but a specific sum is given to each; and the legacy to the testator's niece is brought within the general rule unless this clause is controlled by the language of the instrument when read as a whole.

But upon examination we can find nothing which indicates that the gifts were intended for the Punchard children as a class, and it seems clear that the legacy in question was a gift to his niece as an individual.

The two codicils executed when the testator was aware of the death of his niece do not change the result. *Jackson* v. *Roberts*, 14 Gray, 546. *Workman* v. *Workman*, 2 Allen, 472. *Lyman* v. *Coolidge*, 176 Mass. 7.

The fifteenth article which provides for the distribution of the residue among the persons therein designated, or to their issue, plainly manifests an intention to dispose of his entire estate and to avoid intestacy as to any portion. *Lyman* v. *Coolidge*, 176 Mass. 7. *Dresel* v. *King*, 198 Mass. 546. *Worcester Trust Co.* v. *Turner*, 210 Mass. 115, 121. We are therefore of opinion that the legacy lapsed and is to be disposed of as a part of the residue.

The decree of the Probate Court accordingly should be affirmed.

*So ordered.*