Juanita Tholl FRAZIER, Executrix of the
Last Will and Testament of Pauline
G. Tholl, Deceased, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19853.

United States Court of Appeals
Fifth Circuit.

Aug. 27, 1963.

R. M. Ginsberg, Dallas, Tex., Lefko-
witz, Green, Ginsberg, Eades & Gilmore,
Dallas, Tex., for appellant.

Martin B. Cowan, Atty., Lee A. Jack-
son, Melva M. Graney, Dept. of Justice,
Washington, D. C., Barefoot Sanders, U.
S. Atty., Joseph McElroy, Jr., Asst. U.
S. Atty., Dallas, Tex., Louis F. Ober-
dorfer, Asst. Atty. Gen., Dept. of Justice,
Washington, D. C., for appellee.

Before HUTCHESON, RIVES and
GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

This is an appeal by Juanita Tholl
Fraser,[1] Executrix of the last will and
testament of Pauline G. Tholl, who died
in 1955, herein called decedent, from a
judgment of the District Court denying
in part a claim for refund of estate taxes.

F. G. Tholl died testate in Dallas Coun-
ty, Texas, in December 1932, and his
last will and testament was duly probated
and admitted to record in February 1933.
F. G. Tholl was survived by his widow,
Pauline G. Tholl, the decedent, and 3
children, namely, John N. Tholl who died
childless on October 7, 1954; Frank A.
Tholl who died in 1945 and was survived
by one child, Frank A. Tholl, Jr.; and
Mrs. Juanita Tholl Fraser, the only sur-
viving child of F. G. Tholl. Only the
Estate of Pauline G. Tholl is involved in
this litigation. The various property in-
terests giving rise to this litigation re-
sulted from the death of F. G. Tholl;
and an interpretation of his last will and
testament is necessary to a decision in
the case. The sole question we must de-
termine is the nature and extent of the
ownership of the decedent at the time of
her death in certain property willed by
F. G. Tholl. The appellant claims that
the decedent owned only a life interest;

1. The name of the appellant is variously spelled in the records and briefs with an "s", "z"
and "i".

the Commissioner originally contended that she owned an undivided one-half interest in fee simple; but that in any event, she owned an undivided one-third fee simple interest. The District Court determined that the decedent owned an undivided one-third interest in the fee simple title to the property. Originally, the Government also appealed, but the appeal was dismissed by this Court upon motion of the Government.

The appellant, as Executrix, filed an estate tax return for the estate of the decedent and paid the taxes shown to be due thereby. The Commissioner assessed an additional tax based on his determination that the decedent acquired an undivided one-half interest in fee simple in the property involved under the community property laws of the State of Texas.[2] The Executrix paid the additional tax and filed claim for refund, which was rejected; and this suit in the U. S. District Court was filed.

It is admitted that the last will and testament of F. G. Tholl, deceased, vested a primary life estate in his widow, Pauline G. Tholl, the decedent; and a successive or secondary life estate in his 3 children named above. The will made no specific provision with respect to the death of a child without issue. It is likewise admitted that the will contained a valid residuary clause designating the decedent, Pauline G. Tholl, as sole beneficiary. Pertinent provisions of the will are as follows:

"Second. I will, devise and bequeath to my beloved wife, Mrs. Pauline G. Tholl, for and during her life that certain property situate in Dallas City and County, Texas * * *. To have and to hold this property to my beloved wife during her lifetime as aforesaid, with full and absolute control and management thereof and together with all

rents and revenues produced thereby. At her death then this property shall pass to and be received in equal proportions, as their separate property, by our three beloved children, viz.

"Our Son, Frank A. Tholl;

"Our Son, John N. Tholl;

"Our daughter, Mrs. Juanita F. Fraser, wife of Alexander Duncan Fraser, Jr.,—all of Dallas, Texas. But this devise and bequest of said property to them shall be upon the condition that it shall not be sold, conveyed or encumbered until the death of the last surviving one of our said children, but it shall be kept intact, in reasonable repair, until the death of the last survivor of our said three children, at which time this property shall pass to and be received absolutely and in fee simple by the respective heirs of our said children,—such heirs taking the property not per capita, but receiving only that portion thereof which had been received by their respective deceased parents.

"Upon the death of any one of our said children the bodily heirs of the deceased child shall take and receive, in equal proportions, that portion of the said property as here devised and bequeathed to such decedent."

The chief controversy relates to the property willed to the son, John N. Tholl, as a secondary life tenant and thereafter to his children, if any. If there was a lapse as to the property willed to John N. Tholl and then to his children, the appellant concedes that the decedent was the recipient of such property under the residuary clause of the will.[3]

The appellant's chief contention is that the will of F. G. Tholl is consistent

2. The Commissioner contended that the widow of F. G. Tholl, Pauline G. Tholl, never did make an election to take under her husband's will. The District Court ruled that such an election was made.

3. John N. Tholl died in 1954. He willed all of his property to his mother, the decedent here. Since it is conceded that he owned no more than a life interest in the property in question, his will could have no bearing on this case.

throughout and shows an intent to create a class gift to the heirs of his named children and to leave his widow, the decedent, no more than a life interest. In support of such contention, the appellant asserts that one of the most important indications of an intent to make a class gift is the "group-mindedness" of the testator; and that if it is apparent that the testator was groupminded, then the stirpal directions and the division of property into unequal shares to the members of the class is of no importance.

It is clear from the will that no one of the 3 sets of "bodily heirs" contemplated by the will could receive more than a one-third interest in the property:

> " * * * such heirs taking * * *only that portion thereof which had been received by their respective deceased parents." (Emphasis added)

Flexibility is not only one of the most attractive attributes of a class gift, it is also universally accepted as a prerequisite to the creation of a class gift; that is, generally, the size of the group must be able either to expand or to contract with resultant increase or decrease in the size of the share of the individual member (or group as in this case). A class gift is defined in Herzog v. Title Guarantee & Trust Co., 177 N.Y. 86, 69 N.E. 283, 67 L.R.A. 146, as:

> "A gift of an aggregate sum to a body of persons uncertain in number, at the time of the gift, to be ascertained at a future time, who are all to take in equal or in some other definite proportion; the share of each being dependent for its amount upon the ultimate number." (Emphasis added)

This definition has been accepted by the Texas courts in Hagood v. Hagood, 186 S.W. 220 (Tex.Civ.App.1916). See also Jarman, Wills (7th Ed. 1930); Gray, Rule Against Perpetuities (4th Ed. 1942) § 369 n. 1; and Simes, Hornbook on Future Interests, 1951 Ed. 292. There is no direction in the will of F. G. Tholl, expressed or implied, that the respective shares of any of the remaining groups be enhanced or increased in the event any one of the groups cease to exist or fail to come into existence. On the contrary, each group was expressly limited to the one-third share in which the parent of said group was willed a life estate. The testator's group-mindedness was not to all of the 3 sets of heirs as a class, but rather to each of the 3 sets as individual groups. In view of the fact that the share of no one of the 3 individual groups could be increased by the clear terms of the will, there could be no right of survivorship within the meaning of the appellant's contention. Title does not pass from one group to the other. It follows therefore that when one of the 3 groups failed to come into existence, there was a lapse as to property willed to that group.

Appellant contends in the alternative that if an undivided one-third interest in the property did pass to the decedent, as held by the trial court, that the same was subject to the secondary or successive life estate because the right of survivorship obtained as to the 3 children of F. G. Tholl as a class. It is claimed, therefore, that the value of the one-third interest in question should be reduced by the value of the life estate of the survivor of the F. G. Tholl children. We disagree and conclude that the life interest of John N. Tholl died with him; and there being no children to take as provided by the will, fee simple title to such one-third passed to the decedent under the residuary clause of the will of F. G. Tholl, free of any life estate. Such is the clear meaning of the will:

> "Upon the death of any one of our said children the bodily heirs of the deceased child shall take and receive in equal proportions, that portion of the said property as here devised and bequeathed to such decedent."

The Texas case of Hagood v. Hagood, 186 S.W. 220 (Tex.Civ.App.1916) held that where a devise is made to 2 or more named persons, with no words of survivorship, there is no class gift. See also Frost v. Courtis, 167 Mass. 251, 45 N.E. 687 (1897); and 3 Powell, Real Property, pp. 89–91.

The only life estate to which the one-third fee interest was subject at the time of John N. Tholl's death was the life estate of the decedent. A merger of the fee interest with the possessory interest in the decedent, Pauline G. Tholl, resulted. Under § 2033 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 2033, the fee simple title in and to an undivided one-third interest in said property was properly included in the estate of the decedent, Pauline G. Tholl.

The judgment is affirmed.